UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SRBISLAV STANOJEVICH, Ph.D.,

       Petitioner,                            Civil No. 05-1299-HA

       v.                                     ORDER

UNITED STATES OF AMERICA and
WELLS FARGO BANK,

       Respondents.

_____

HAGGERTY, Chief Judge:

      Srbislav Stanojevich (petitioner) filed the *pro se* Petition to Quash Summons in this action on May 9, 2005. Respondent United States filed a Motion to Dismiss [4] the Petition to Quash Summons for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Petitioner filed an Opposition brief, and the United States subsequently filed a Reply Brief that is the subject of a "Motion to Dismiss" [10] by petitioner. The court construes that motion more properly as a Motion to Strike the United States' Reply. Petitioner's Motion is denied. Even

1 - ORDER

assuming *arguendo* that the Reply should be stricken, the following analysis of the Petition to Quash would, nevertheless, remain the same.

**BACKGROUND**

The Internal Revenue Service (IRS), through its Revenue Agent K. Steve Cordova (Agent Cordova), seeks to determine the correct federal income tax liability of petitioner for tax years 1997 through 2004.  On February 28, 2005, as part of his investigation, Agent Cordova issued administrative third-party summonses to three financial institutions.

On the same date, Agent Cordova also mailed attested copies of these summonses to those three institutions and gave notice to petitioner by certified mail.  On March 17, 2005, petitioner filed a petition to quash these summonses in the United States District Court of New Mexico.  Respondent United States filed a Motion to Dismiss or for Summary Judgment and to Enforce IRS Summonses shortly thereafter in that venue.  On March 1, 2006, the District Court of New Mexico issued a Memorandum Opinion and Order deferring any ruling until petitioner established whether personal jurisdiction could be exercised properly.  Ten days later, petitioner filed a Motion for Summary Judgment in that action.  To date, the District Court of New Mexico has issued no rulings as to any of the parties' motions.

Petitioner instituted this action seeking to quash the summons that was issued to Wells Fargo Bank (the Wells Fargo summons).  Petitioner was required to file this petition in the District of Oregon, where the Wells Fargo Bank at issue is located.  *See* 26 U.S.C. § 7609(h).  Pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States moves the court to dismiss petitioner's Petition to Quash the Wells Fargo summons for lack of subject matter jurisdiction.  For the following reasons, this Motion is granted and this action is dismissed.

**DISCUSSION**

Congress has set forth the method by which taxpayers may challenge an IRS summons issued to a third party. *See* 26 U.S.C. § 7609(b)(2). Pursuant to § 7609(b)(2), there is a jurisdictional time limit within which to make such challenges. When a taxpayer fails to challenge an IRS summons within the specified time limit, a federal court loses jurisdiction to hear the petition. *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985). In pertinent part, § 7609(b)(2)(A) states:

> [A]ny person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).

The twenty-day period within which an IRS summons can be challenged runs from the date that notice of the summons is mailed to the taxpayer. *See Stringer v. United States*, 776 F.2d 274, 276 (11th Cir. 1985). The twenty-day limit required by § 7609(b)(2)(A) is construed strictly because it is a condition precedent to the waiver of sovereign immunity. *Ponsford*, 771 F.2d at 1309.

The United States is immune from suit unless it has waived its sovereign immunity expressly and has consented to be sued. *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004), citing *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Absent a waiver of sovereign immunity, a court lacks subject matter jurisdiction to hear the claim against the United States and dismissal is proper. *Dep't. of the Army v. Blue Fox, Inc*, 525 U.S. 255, 261 (1999), citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1036 (9th Cir. 2005).

Based on § 7609(b)(2)(A)'s notice requirements, petitioner had twenty days after

February 28, 2005 to challenge the Wells Fargo summons. The court notes that twenty days after February 28, 2005 was Sunday, March 20, 2005. Therefore, pursuant to Federal Rule of Civil Procedure 6(a), the next available filing day was March 21, 2005, which was the final date on which petitioner could have sought to quash the Wells Fargo summons.

Petitioner failed to file his Petition to Quash the Wells Fargo summons until May 9, 2005, well beyond the final date allowed under the statue. Consequently, petitioner failed to file his challenge to the Wells Fargo summons within the statutory time limit set forth under § 7609(b)(2)(A), and no valid waiver of sovereign immunity exists. Absent such waiver, the court lacks jurisdiction to hear the petition. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(1), the Petition to Quash Summons must be dismissed for lack of jurisdiction.

## **CONCLUSION**

For the reasons addressed above, the United States' Motion to Dismiss [4] is GRANTED. Petitioner's "Motion to Dismiss" the United States' Reply [10] is construed as a Motion to Strike and is DENIED.

IT IS SO ORDERED.

Dated this   16   day of March, 2006.

                                           /s/ Ancer L.Haggerty
                                               Ancer L. Haggerty
                                        United States District Judge